UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

In re: Deidre Rena Donnerson					Case No. 17-28465-D
Debtor(s)								Chapter 13

___

MOTION UNDER RULE 3002.1 AND REQUEST FOR HEARING

COMES NOW, Deidre Rena Donnerson, Debtor, by and through counsel, moves this Court for Hearing on Motion Under Rule 3002.1 in which she objects to the Notice of Post Petition Mortgage Fees, Expenses, And Charges filed on behalf of Lakeview Loan Servicing, LLC, also doing business as LoanCare, LLC (hereinafter "Lakeview"), and moves this court to disallow the charges asserted. In support thereof, Debtor states as follows:

1. On September 25, 2017, Debtor filed a Voluntary Petition For Relief under Chapter 13 of The United Sates Bankruptcy Code. The Chapter 13 Plan recognized the mortgage as being current and to be paid directly to Lakeview by Debtor.

2. On February 5, 2018, Natalie Brown with Rubin Lubin TN, PLLC, as Attorney for Creditor Lakeview, filed a proof of claim stating that the "Amount necessary to cure any default as of the date of the petition: to be $133.89, which was based on an escrow analysis performed on or about February 5, 2018 indicating a "projected escrow shortage" of $133.89."

3. On July 27, 2018, Lisa F. Caplan, Attorney for Creditor, filed a Notice of Post Petition Mortgage Fees, Expenses, And Charges asserting "Proof of Claim" and a $425.00 fee.

4. The Notice of Post Petition Mortgage Fees, Expenses, And Charges filed on July 27, 2018 fails to conform with the requirements of Rule 3002.1 and should be disallowed.

5. The asserted post petition mortgage fees, expenses, and charges in the notice filed on July 27, 2018 are improper, unearned, exorbitant and unreasonable, and are not subject to reimbursement and should be disallowed.

**THEREFORE, DEBTOR PRAYS AS FOLLOWS:**

1. That the Notice of Post Petition Mortgage Fees, Expenses, And Charges filed on July 27, 2018 on behalf of Lakeview fails to conform with the requirements of Rule 3002.1 and should be disallowed.

2. That the asserted post petition mortgage fees, expenses, and charges in the notice filed on July 27, 2018, on behalf on Lakeview, are improper, unearned, exorbitant and unreasonable, and are not subject to reimbursement and should be disallowed.

3. That if, after further examination and discovery, it is determined that the actions and or charges complained of herein are part of a systemic problem, that sanctions be awarded against attorney Lisa Caplan, Rubin Lubin TN, PLLC, attorney Natalie Brown and Lakeview.

4. That if, after further examination and discovery, it is determined that the actions and or charges complained of herein are part of a systemic problem, that attorney fees and costs be awarded against attorney Lisa Caplan, Rubin Lubin TN, PLLC, attorney Natalie Brown and Lakeview.

5. For any other general and/or specific remedies or awards, including attorney fees and expenses, not already asserted be awarded.

6. That a hearing be set for this matter.

Respectfully Submitted,

/s/ Holly W. Schumpert
Holly W. Schumpert #15658
Attorney for Debtor
2552 Poplar Avenue, Suite 4F
Memphis, TN 38112
(901) 323-9000
holleyschumpert@att.net

CERTIFICATE OF SERVICE

I hereby certify that in the 8th day of August, 2018, I caused to be mailed a copy of the foregoing by E-mail, Fax or U.S. Mail, first class, postage pre-paid to:

LoanCare, LLC
3637 Sentara Way
Virginia Beach, VA 23452

Natalie Brown, Attorney
Rubin Lubin TN, PLLC
119 S. Main St., Suite 500
Memphis, TN 38103

Lisa F. Caplan, Attorney
Rubin Lubin TN, PLLC
119 S. Main St., Suite 500
Memphis, TN 38103

UST, Debtor, Case Trustee

/s/ Holly W. Schumpert
Holly W. Schumpert, Attorney